thompson v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-438-CR

JOHN M. THOMPSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant John M. Thompson of driving sixty-one miles per hour in a forty-five mile per hour zone.  He appeals, arguing that the verdict is contrary to the law and the evidence because there was no evidence that the speed survey complied with the manual of uniform traffic control devices adopted by the federal highway administration; that his speed was reasonable and prudent; and that the trial court erred in charging the jury and by taking judicial notice of an ordinance that violates federal standards for traffic control devices.  Because the evidence is legally and factually sufficient and because the trial court did not err, we affirm the trial court’s judgment.

In his first point, and perhaps his second, Appellant argues that the evidence is insufficient, relying on federal regulations and California case law.  We do not recognize California traffic law as controlling authority in Texas and decline to discuss it here.  Appellant was on a Texas farm to market (FM) road; we shall apply the appropriate laws of the State of Texas.

Appellant argues that the State was required to produce an engineering and traffic survey in court.  The State is required only to offer evidence that the defendant was driving “at a speed greater than is reasonable and prudent under the circumstances then existing.”
(footnote: 2)  Texas Transportation Code section 545.352 provides that “[a] speed in excess of the limits established by Subsection (b) or under another provision of this subchapter is prima facie evidence that the speed is not reasonable and prudent and that the speed is unlawful.”
(footnote: 3)  Section 545.353 allows the Texas Transportation Commission to set lower prima facie speed limits than those listed in section 545.352.
(footnote: 4)  The Texas Transportation Commission uses results of an engineering and traffic investigation to determine appropriate speed limits.
(footnote: 5)  The survey is not a necessary element of proof at a trial for speeding.

Officer Daniel Bettes testified that his radar unit determined Appellant’s speed to be sixty-one miles per hour.  He also testified that he was trained and certified in the use of radar and that he verified his radar unit for accuracy before and after ticketing Appellant.  Additionally, he testified that the posted speed limit in the 1600 block of FM 1709, where Appellant was operating his vehicle, was forty-five miles per hour.

The public works director of the City of Keller, Ed Ilshner, testified that the speed limit in the 1600 block of FM 1709 in Keller, Texas is posted by the Texas Department of Transportation at forty-five miles per hour.  Ilshner further testified that a speed survey was conducted on FM 1709 before the speed limit was set at forty-five miles per hour.

Defense witness Linda Young testified that she was driving on the same stretch of road at the time Appellant was ticketed.  She testified that she was driving faster than Appellant, and that a van was traveling faster than she.  She was not ticketed, and there was no evidence that the driver of the van was ticketed.  Appellant argues in his second point that this testimony proves that his speed was reasonable and prudent.  

It is unclear whether Appellant is arguing that the evidence is legally or factually insufficient to support the verdict.  Applying the appropriate standards of review for legal sufficiency
(footnote: 6) and factual sufficiency,
(footnote: 7) we hold that the evidence is both legally and factually sufficient to support the jury’s verdict.  We overrule Appellant’s first point, and, to the extent the second point raises insufficiency, we overrule it as well.

Appellant provides no authority in support of his second and third points on appeal.  He has therefore waived those complaints.
(footnote: 8)  We overrule the remaining part of the second point and the third point.

Having overruled Appellant’s points, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 18, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Transp. Code Ann.
 § 545.351 (Vernon 1999).

3:
Id.
 § 545.352(a) (Vernon Supp. 2004).

4:
Id.
 § 545.353.

5:
Id.
 § 545.353(a).

6:
See Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); 
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

7:
See Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); 
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).
 

8:
See
 Tex. R. App. P.
 38.1(h); 
Tong v. State,
 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), 
cert. denied,
 532 U.S. 1053 (2001);
 
Mosley v. State,
 983 S.W.2d 249, 256 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).